# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HOBART HOSKINS, ) | CASE NO. 5:25-cv-1987 |
| ) | |
| Plaintiff, ) | |
| ) | CHIEF JUDGE SARA LIOI |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| vs. ) | |
| ) | |
| MAYOR OF AKRON, OHIO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* plaintiff Hobart Hoskins ("Hoskins") filed this *in forma pauperis* action against the "Mayor of Akron, Ohio," "Chief of Akron, OH Police," and two unnamed "*et al.*" defendants (collectively, "defendants"). (Doc. No. 1 (Complaint).) Hoskins brings this action under 42 U.S.C. § 1983 alleging violations of the Seventh, Fourteenth, and Seventeenth Amendments of the U.S. Constitution. (Doc. No. 1-1, at 3.)[1] He also alleges causes of action arising under "Rule 54," 23 U.S.C. §§ 1346(a) and 1941, 28 U.S.C. § 1915(e)(2), and Federal Rule of Civil Procedure 26(a) (Doc. No. 1 at 14.) Hoskins seeks damages amounting to $15 million. (Doc. No. 1-1, at 4.)

Upon careful review of the complaint, the Court concludes that Hoskins's allegations fail to state a claim on which relief may be granted.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

I. **BACKGROUND**

Hoskins claims that he was "viciously and violently attacked" by a non-party assailant. (*Id.* at 2.) The assailant threatened to kill Hoskins and attempted to strike him with a machete, hitting him in the hand. (*Id.* at 2–4.) Hoskins was able to escape his assailant by getting into his vehicle and driving away. (*Id.* at 4.) Once free, Hoskins contacted 911. (*Id.*)

Akron police arrived at Hoskins's location and paramedics treated his injuries. (*Id.* at 5–6.) At that point, a police sergeant questioned Hoskins. (*Id.* at 7.) Hoskins represents that the following exchange occurred:

> **Sergeant:** Do you want to press charges?
>
> **Hoskins:** Yes.
>
> **Sergeant:** Are you going to speak to the prosecutor?
>
> **Hoskins:** I'll follow you there to speak to the prosecutor.
>
> **Sergeant:** Are you going to go to all the court appearances?
>
> **Hoskins:** Yes.

(*Id.* at 7–8.) Hoskins states that he was then told to sit inside his vehicle. (*Id.* at 10.) While waiting, Hoskins attempted "to call someone." (*Id.*) The call appears to have not gone through. Hoskins claims that "evidently through a conspiracy[,] the call ended[.]" (*Id.*) At this point, the sergeant returned and informed Hoskins that he was free to leave. (*Id.*) Hoskins directed the sergeant to visit the location where the attack occurred. (*Id.*)

Hoskins avers that on the morning following his assault, he contacted the prosecutor's office. (*Id.* at 11.) The office informed Hoskins that no charges would be filed against his assailant. (*Id.*) Hoskins cites this as evidence that "[t]he prosecutor's office is directly involved in a pattern

of conspiracy over years of abuse between [two] men, Mark Hoskins[2] and Hobart Hoskins." (*Id.*) Hoskins claims that "[f]or more than 20 years, the City of Akron, OH Mayor's [sic] have physically abused Mark Hoskins" and that "[t]he Mayor's [sic] and Chief of Akron Police Dept[.] . . . have torchered [sic] and physically and even worse torched [sic] mentally with intimidation and discrimination." (*Id.*) Hoskins further alleges that defendants acted "under the color of state and local law" while committing "crystal clear violations . . . to [the Seventh, Fourteenth, and Seventeenth Amendments of the U.S. Constitution]." (*Id.* at 12–13.) Hoskins then references several case numbers that purportedly demonstrate a "pattern of harrasment [sic] over 20 years." (*Id.* at 13.) In support of his claims, Hoskins cites to: (i) Rule 54[3]; (ii) 23 U.S.C. §§ 1346 and 1941; (iii) 28 U.S.C. § 1915(e)(2); (iv) Federal Rule of Civil Procedure 26(a); and (v) 42 U.S.C. § 1983. (*Id.* at 14; Doc. No. 1-1, at 3.)

## II.     STANDARD OF REVIEW

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* actions brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim under § 1915(e), a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft*

---

[2] The complaint does not clearly identify who Mark Hoskins is. The cover page of the complaint suggests that Mark Hoskins may be an alias for Hobart Hoskins.

[3] Hoskins does not specify what Rule 54 he is referring to. The Court construes his assertion to refer to Federal Rule of Civil Procedure 54.

*v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)). Pleadings that merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citation modified).

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). To avoid dismissal, even *pro se* complaints must meet basic federal pleading requirements and set forth allegations sufficient to state a plausible claim for relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).

### III.  DISCUSSION

Hoskins brings claims under: (i) Federal Rules of Civil Procedure 26 and 54; (ii) 28 U.S.C. § 1915(e)(2); (iii) 23 U.S.C. §§ 1346 and 1941; and (iv) 42 U.S.C. § 1983. (Doc. No. 1, at 14; Doc. No. 1-1, at 3.) The Court finds that none of Hoskins's allegations set forth a plausible claim for relief. Consequently, his claims must be dismissed.

#### A.  Federal Rules of Civil Procedure 26 and 54

Hoskins cites to Federal Rules of Civil Procedure 26 (Duty to Disclose; General Provisions Governing Discovery) and 54 (Judgment; Costs). (Doc. No. 1, at 14.) These Rules govern procedure in federal courts. They do not confer a substantive cause of action from which a party may obtain relief. *See Marshall v. Green*, No. 3:10CV-224-H, 2010 WL 1959514, at *2 (W.D. Ky. May 17, 2010) ("A violation of the Federal Rules of Civil Procedure does not give rise to an

independent cause of action." (citation and quotation marks omitted)). Accordingly, Hoskins's claims based on these two rules do not state a valid claim.

### B. 28 U.S.C. § 1915(e)(2)

Hoskins also cites to 28 U.S.C. § 1915(e)(2). This provision sets forth the authority of courts to "dismiss [*in forma pauperis* cases] at any time if the court determines that[:] (A) the allegation of poverty is untrue; or (B) the action or appeal[:] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Nothing in this provision gives Hoskins a cause of action against defendants. This too fails to plead a proper claim.

### C. 28 U.S.C. § 1346 and 1491

Hoskins's reliance on 28 U.S.C. §§ 1346 and 1491 is similarly misplaced. Section 1491 provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. Section 1346 provides district courts with original jurisdiction, concurrent with the United States Court of Federal claims, over identical civil actions or claims against the United States "not exceeding $10,000 in amount." 28 U.S.C. § 1346.

These provisions are relevant only insofar as the United States is a defendant. But Hoskins has named only local entities, not the United States, as defendants. Furthermore, Hoskins is seeking damages amounting to $15 million—a value well in excess of the $10,000 limit specified in § 1346. Therefore, Hoskins's reliance on these statutes does not state a claim.

**D. 42 U.S.C. § 1983**

Of the statutes cited by Hoskins, only 42 U.S.C. § 1983 is capable of providing Hoskins with a cause of action. Even so, Hoskins has pleaded insufficient facts to establish a *prima facie* case capable of stating a plausible claim for relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must assert that a person acting under color of state law deprived him of rights secured by the Constitution or laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). Generally, to be considered to have acted "under color of state law" the person must be a state or local government official or employee. *Vos v. Cordray*, 719 F. Supp. 2d 832, 838 (N.D. Ohio 2010).

Hoskins asserts that the Mayor of Akron, the Chief of Akron Police, and two unnamed police sergeants acted under the color of state law in violating the Seventh, Fourteenth, and Seventeenth Amendments of the U.S. Constitution. But Hoskins pleads insufficient facts to plausibly link defendants' conduct with any alleged constitutional violation.

The Seventh and Seventeenth Amendments are not relevant here. The Seventh Amendment preserves the right of trial by jury in cases where the value in controversy exceeds twenty dollars. U.S. Const. amend. VII. The Seventeenth Amendment provides for the popular election of senators. U.S. Const. amend. XVII. The Court is unable to conceive how, on Hoskins's pleaded facts regarding the police investigation into his assailant and subsequent failure to prosecute, defendants would even be capable of violating Hoskins's Seventh and Seventeenth Amendment rights. And while the Fourteenth Amendment is potentially relevant, Hoskins has not pleaded sufficient facts to implicate it.

Hoskins appears to argue that defendants unlawfully discriminated against him in violation of the Equal Protection Clause of the Fourteenth Amendment. (*See* Doc. No. 1, at 9, 12.) The Equal Protection Clause requires that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. It is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). "A prima facie case of discrimination requires a plaintiff to show that she was treated differently than others outside of the protected class." *Foster v. Michigan*, 573 F. App'x 377, 396 (6th Cir. 2014). Conclusory allegations of disparate treatment, without supporting facts, are insufficient to plead a plausible Equal Protection violation. *See Reynolds v. City of Ferndale*, 545 F. Supp. 3d 533, 541 (E.D. Mich. 2021) (dismissing a plaintiff's equal protection claim because they "ha[d] not pled any facts or identified any other comparable cases to support [their] conclusory allegation" of racial discrimination); *Raymond v. O'Connor*, 526 F. App'x 526, 530 (6th Cir. 2013) (dismissing a plaintiff's equal protection claim because plaintiff's assertion of discrimination against citizens of other states was "devoid of further factual enhancement").

Hoskins's allegations of discrimination are wholly devoid of any factual support. Hoskins fails to identify membership in a protected class. This is fatal to his Equal Protection Claim. *See Skipper v. Clark*, 150 F. Supp. 3d 820, 827 (W.D. Ky. 2015) (dismissing plaintiff's equal protection claim because they had failed to allege that they were a member of a protected class). And even if Hoskins had identified that he was a member of a protected class, Hoskins has provided no factual evidence indicating that defendants discriminated against him on the basis of this membership. He merely offers conclusory statements that defendants had discriminated

against him in a manner that constituted a "crystal clear violation" of the Fourteenth Amendment. (*See* Doc. No. 1, at 13.) These are "naked assertions devoid of further factual enhancement" that fail to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (citation modified).

Hoskins also appears to bring a due process claim. Hoskins recites the maxim that "[n]o person shall deprive another of life, liberty, and property."[4] (Doc. No. 1-2, at 1.) The Court construes this as a procedural due process claim. "To prove a § 1983 procedural-due-process claim, a party must show: (1) that she has a 'life, liberty, or property interest requiring protection under the Due Process Clause,' (2) that the government 'depriv[ed] [her] of that interest,' and (3) that the government carried out that deprivation 'without adequate process.'" *Williams v. Shelby Cnty., Tennessee, Bd. of Educ.*, No. 22-5591, 2025 WL 1370082, at *8 (6th Cir. May 12, 2025) (alterations in original) (citing *Fields v. Henry Cnty.*, 701 F.3d 180, 185 (6th Cir. 2012)).

Hoskins offers no information supporting his due process claim. He fails to identify a constitutionally protected life, liberty, or property interest. Likewise, he has failed to allege how the defendants have deprived him of that interest. Hoskins's due process claim, like his equal protection claim, fail to state a plausible claim for relief.

One final potential construction of the complaint must be discussed. Impliclit in the factual illustration therein is Hoskins's apparent grievance that local authorities did not seriously attempt to apprehend his assailant. For all we know, that perpetrator remains at large. Although

---

[4] The Court notes that this is a misquote of the Fourteenth Amendment. The actual text of the Fourteenth Amendment provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State* deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV (emphasis added). Hoskins's misquote omits the state action requirement for due process claims. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (recognizing that "the Due Process Clause protects individuals only from governmental and not from private action").

Hoskins does not explicitly state as much, a generous reading of his complaint permits the reasonable conjecture that he seeks recovery for the defendants' failure to investigate, apprehend, and/or prosecute. If true, it is unfortunate that Hoskins has not seen that perpetrator brought to account for assaulting him. But defendants' failure to investigate, apprehend, or prosecute does not confer to Hoskins a valid claim against them under § 1983. *See Butler v. Atchison Police Dep't*, No. 19-3167, 2019 WL 4640582, at *2 (D. Kan. Sept. 24, 2019) ("There is no constitutional right to have law enforcement investigate complaints against other parties or to have a state actor report an alleged crime to a charging authority."); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) (finding no due process right to have someone else arrested for a crime). Even under this generous construction, Hoskins fails to plausibly state a claim.

## IV. CONCLUSION

Despite construing the pleadings liberally due to Hoskins's *pro se* status, the Court concludes that Hoskins has failed to state a plausible claim for relief. Accordingly, plaintiff's motion to proceed *in forma pauperis* in this matter is **GRANTED**, and for the reasons stated above, his complaint is **DISMISSED** pursuant 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 14, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**